# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 5803 | **DATE** | 8/27/2010 |
| **CASE TITLE** | Berg vs. Culhane et al | | |

**DOCKET ENTRY TEXT**

The Court grants Berg's Motion to bar McGee from testifying.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Christopher Berg ("Berg") sued Defendants Officer Thomas Culhane ("Culhane") and the Village of Oak Lawn ("the Village") (collectively "the Defendants") under 42 U.S.C. § 1983 alleging that Culhane used excessive force in violation of Berg's Fourth Amendment rights. Berg moved in limine to bar the testimony and conclusions of the Defendants' expert, Patrick McGee ("McGee"). At the Pretrial Conference held on August 25, 2010, the Court took the Motion under advisement. For the reasons stated below, the Court grants Berg's Motion.

According to the Defendants, McGee would offer three opinions at trial: (1) that Culhane did not use excessive force; (2) that the injuries depicted in Berg's photographs are consistent with scraping against pavement while attempting to avoid physical control from a police officer; and (3) that in his experience, a police officer would not have ignored any purported request to look into the welfare of Berg's 82-year-old mother. Berg seeks to bar McGee from testifying as to his first opinion and seeks to bar any discussion of the use-of-force model that informed McGee's opinion.

Berg's claim under 42 U.S.C. § 1983 for violations of his Fourth Amendment right to be free from excessive force hinges on whether the amount of force Culhane used during Berg's arrest was reasonable under the circumstances. Berg argues that evidence of whether Culhane complied with particular police procedures or guidelines is irrelevant because Culhane's constitutional liability may not be established by reference to his compliance with, or violation of, local police department orders and regulations.

Whether a defendant violated "police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *See Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006); *see also Whren v. United States*, 517 U.S. 806, 815 (1996) (internal police department rules are an unreliable guide to measuring the reasonableness of police conduct); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 "protects plaintiffs from constitutional violations, not

violations of state laws, or in this case, departmental regulations and police practices"). Thus, as the Defendants acknowledge, they cannot rely on evidence of proper police procedures or the use-of-force-model to establish that Culhane is not liable for violations of Berg's Fourth Amendment rights. To the extent that McGee's testimony and conclusions go to Culhane's liability, Berg's Motion is granted.

The Defendants argue, however, that *Thompson* does not bar Culhane from using his compliance with proper police procedures to rebut Berg's claim for punitive damages on the basis of Culhane's alleged intentional or willful disregard for Berg's constitutional rights or for establishing Culhane's affirmative defense of qualified immunity. The Defendants may be correct that evidence of compliance with police practices is relevant to rebut Berg's claim for punitive damages and is not prohibited by *Thompson*.[1] *See, e.g.*, *Scott v. City of Chicago*, No. 07 C 3684, 2010 WL 3034188, at *1 (N.D. Ill. July 27, 2010) (Shadur, J.) ("[A] violation of internal police department rules may be considered in determining whether claimed officer misconduct is willful and wanton."); *Via v. Lagrand*, No. 03 C 3278, 2007 WL 495287 at * 6 (N.D. Ill. Feb.12, 2007) (Kennelly, J.) (observing that *Thompson* did not clearly "address the potential admissibility of evidence showing a violation of internal agency rules and procedures with regard to a claim for punitive damages"). *But see, e.g.*, *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *8 (N.D. Ill. Mar. 31, 2008) (Dow, J.) ("[T]o the extent that the door remains open under *Thompson*, it is only slightly ajar.").

Even if *Thompson* did allow the use of such evidence, however, in this case it would be far more prejudicial than probative under Rule 403. On the probative value side of the equation is the fact that Culhane complied with police practices and an accepted use-of-force model, indicative that his conduct was neither willful nor wanton. Balancing this evidentiary value is the fact that evidence of Culhane's compliance with police procedures and the use-of-force model is highly prejudicial on the issue of Culhane's liability, and of such limited probative value that the evidence is inadmissible as a matter of law. Appropriate jury instructions limiting the use of this evidence for consideration of punitive damages or qualified immunity could minimize, but not eliminate, the prejudicial effect. *See United States v. Strong*, 485 F.3d 985, 991 (7th Cir.2007); *see also, e.g.*, *Delgado*, 2008 WL 4367458, at *8 (under *Thompson*, "limiting instructions may not be a viable means of overcoming Rule 403 issues"). Thus, because there is a serious risk that the jury will consider Culhane's compliance with police procedures and a use-of-force model as evidence of no liability under § 1983, and because the Supreme Court has specifically barred such use, referring to the police procedures but then asking the jury to consider them only in their consideration of punitive damages and qualified immunity would be far more prejudicial than probative.

For those reasons, the Court grants Berg's Motion to bar McGee from testifying as to his first opinion—whether it would go to liability under § 1983, punitive damages, or qualified immunity— and bars the admission of and testimony about the use-of-force model. Barring an objection at trial to McGee's two other opinion, however, the Court will allow McGee to testify that the injuries depicted in Berg's photographs are consistent with scraping against pavement while attempting to avoid physical control from a police officer and that in McGee's experience, a police officer would not have ignored any purported request to look into the welfare of Berg's 82-year-old mother.

---

1. The Court is less convinced that, under *Thompson*, testimony relating to the use-of-force model is relevant to Culhane's qualified immunity defense. Without relying on any case law, the Defendants argue that the use-of-force model is relevant and helpful for the jury to resolve the issue of whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Regardless of whether it would be relevant, however, the Court concludes, as discussed further below, that the probative value of any testimony would be

outweighed by the prejudice and that a limiting jury instruction would not be enough to overcome that prejudice.